Opinion for the court filed by Circuit Judge MOORE.
Opinion dissenting-in-part filed by Circuit Judge TARANTO.
MOORE, Circuit Judge.
DeLorme Publishing Company, Inc. and DeLorme InReach LLC (collectively, “De-Lorme”) appeal from a decision by the International Trade Commission (“Commission”) (1) finding that DeLorme violated a consent order by selling InReach 1.5 and SE devices containing imported components, and (2) imposing a civil penalty of $6,242,500. Certain Two-Way Global Satellite Communication Devices, System and Components Thereof, Inv. No. 337-TA-854 (Enforcement), Comm’n Op. (June 17, 2014) (J.A. 40-90) (“Comm’n Op.”). We affirm.
Baokgkound
In September 20Í2, the Commission instituted an investigation to determine if DeLorme was violating section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing, selling for importation, or selling after importation “certain two-way global satellite communication devices, system and components thereof’ that allegedly infringed claims 1, 2, 5, 10-12, and 34 of BriarTek IP, Inc.’s U.S. Patent No. 7,991,380. Certain Two-Way Global Satellite Communication Devices, System and Components Thereof, Inv. No. 337-TA-854, Notice of Institution of Investigation (Sept. 17, 2012) (J.A. 420-22). The '380 patent is directed to emergency monitoring and reporting systems comprising a user unit and a monitoring system that communicate through a satellite network. The accused products included DeLorme’s InReach 1.0 and 1.5 satellite-communication devices, as well as the software and service plan used with the devices.
In April 2013, the Commission terminated the investigation based on entry of a consent order proposed by DeLorme. Certain Two-Way Global Satellite Communication Devices, System and Components Thereof, Inv. No. 337-TA-854, Termination of Investigation (Apr. 5, 2013) (J.A. 1505-06). In the consent order, De-Lorme agreed to the following:
Upon entry of the proposed Consent Order, DeLorme shall not import into the United States, sell for importation into the United States, or sell or offer for sale within the United States after importation any two-way global satellite communication devices, system, and components thereof, that infringe claims 1, 2, 5, 10-12, and 34- of the '380 Patent after April 1, 2013, until the expiration, invalidation, and/or unenforceability of the '380 Patent.
Certain Two-Way Global Satellite Communication Devices, System and Components Thereof, Inv. No. 337-TA-854, Consent Order ¶ 1 (April 5, 2013) (J.A. 1507-09) (“Consent Order”).
On May 24, 2013, the Commission instituted an enforcement proceeding based on BriarTek’s allegations that DeLorme violated the Consent Order by, inter alia, selling InReach 1.5 and SE devices containing imported components. Four days later, DeLorme filed an action against BriarTek in the United States District *1331 Court for the Eastern District of Virginia, seeking declaratory judgment of nonin-fringement and invalidity of the '380 patent. While the district court action was pending, the Commission issued a decision in the enforcement proceeding (1) finding that DeLorme violated the Consent Order, and imposing a civil penalty of $6,242,500. Comm’n Op. at 1-2. DeLorme appeals. We have jurisdiction under 19 U.S.C. § 1337(c) and 28 U.S.C. § 1295(a)(6).
Discussion
We review the Commission’s legal determinations in an enforcement proceeding without deference and its factual determinations for substantial evidence. uPI Semiconductor Corp. v. Int’l Trade Comm’n, 767 F.3d 1372, 1377 (Fed.Cir.2014). “This court must affirm a Commission determination if it is reasonable and supported by the record as whole, even if some evidence detracts from the Commission’s conclusion.” Id. Consent orders are interpreted as contracts. Id. Contract interpretation is a question of law. Id. We review interpretation of a contract or consent order de novo. Id. Patent infringement, whether direct or indirect, is a question of fact. i4i Ltd. v. Microsoft Corp., 598 F.3d 831, 850 (Fed.Cir.2010). We review claim construction de novo except for subsidiary facts based on extrinsic evidence, which wé review for clear error. Teva Pharm. USA, Inc. v. Sandoz, Inc., — U.S. -, 135 S.Ct. 831, 841-42, — L.Ed.2d - (2015). We review the Commission’s imposition of a civil penalty under 19 U.S.C. § 1337(f)(2) for abuse of discretion. Ninestar Tech. Co. v. Int’l Trade Comm’n, 667 F.3d 1373, 1380 (Fed.Cir.2012).
I.
The Commission determined that De-Lorme violated the Consent Order with regard to claims 1 and 2 of the '380 patent. It found that DeLorme (1) assembled the accused InReach 1.5 devices by converting previously imported devices and (2) assembled the accused InReach SE devices using, inter alia, imported plastic housing components. It determined that “[u]nder the terms of the Consent Order, DeLorme violates the order if, after entry of the order, it imports, sells for importation, or sells or. offers for sale within the United States after importation any infringing two-way global satellite communication devices, system, or components thereof.” Comm’n Op. at 2. It concluded that De-. Lorme induced infringement and violated the Consent Order by selling the newly accused devices with instructions to use them in a manner that infringed claims 1 and 2 of the '380 patent. While it concluded that DeLorme also induced infringement by activating previously sold In-Reach devices, such infringement “did not equate to” a violation of the Consent Order. Id. at 24-25.
DeLorme argues that even if the devices infringed the claims, the Consent Order did not preclude DeLorme from selling domestically manufactured devices containing imported, noninfringing components. It argues that the terms of the Consent Order instead prohibited De-Lorme from using imported components only if the components themselves infringed. It argues that the Commission “rewrote” the Consent Order to “prohibit not just the use of imported, infringing, components, but also the use of any imported components.” Appellants’ Br. 23. It argues that the Commission’s interpretation of the Consent Order exceeded its authority to block importation of only “articles that ... infringe.” 19 U.S.C. § 1337(a)(1)(B)(i).
We agree with the Commission that DeLorme violated the Consent Order by selling InReach 1.5 and SE devices containing imported components with in *1332 structions for its customers to use the devices in an infringing' manner. The Consent Order provided that DeLorme could not import, sell for importation, or sell or offer for sale after importation “any two-way global satellite communication devices, system, and components thereof, that infringe claims 1, 2, 5, 10-12, and 34 of the '380 Patent.” Consent Order ¶ 1. Under these terms, DeLorme was precluded from selling infringing devices containing imported components with instructions to infringe.
DeLorme’s remaining arguments against the Commission’s finding that it violated the Consent Order are unpersuasive. For example, the claims are not limited as proposed by DeLorme, and substantial evidence supports the Commission’s finding of infringement. Under the Supreme Court’s recent decision in Cornmil USA, LLC v. Cisco Systems, — U.S. -, 135 S.Ct. 1920, 1928, 191 L.Ed.2d 883 (2015), a good-faith belief in the patent’s invalidity was not a defense to induced infringement. Thus, the Commission did not err in its conclusion that DeLorme violated the Consent Order.
II.
The Commission imposed a civil penalty under 19 U.S.C. § 1337(f)(2) of $27,500 per day for 227 violation days, for a total of $6,242,500. Section 1337(f)(2) provides:
Any person who violates an order issued by the Commission under paragraph (1) after it has become final shall forfeit and pay to the United States a civil penalty for each day on which an importation of articles, or their sale, occurs in violation of the order of not more than the greater of $100,000 or twice the domestic value of the articles entered or sold on such day in violation of the order. Such penalty shall accrue to the United States and may be recovered for the United States in a civil action brought by the Commission in the Federal District Court for the District of Columbia or for the district in which the violation occurs ....
Our court held in San Huan New Materials High Tech, Inc. v. International Trade Commission, that the Commission has the authority to issue § 1337(f)(2) civil penalties for violation of a consent order. 161 F.3d 1347, 1362 (Fed.Cir.1998).
The Commission based its penalty determination in this case on the six “EPROM factors” adopted by this .court: (1) the good or bad faith of the respondent, (2) the injury to the public, (3) the respondent’s ability to pay, (4) the extent to which the respondent has benefited from its violations, (5) the need to vindicate the authority of the Commission, and (6) the public interest. Comm’n Op. at 27, 42-50 (citing, e.g., Certain Erasable Programmable Read Only Memories (EPROMs), Inv. No. 337-TA-276 (Enforcement), Comm’n Opinion (July 19, 1991)); see also San Huan, 161 F.3d at 1362. The Commission noted that the penalty was slightly more than a quarter of the statutory maximum of $100,000 per day. See 19 U.S,C. § 1337(f)(2). It found that the penalty was “appropriately proportionate to the value that the violative InReach devices bring to DeLorme” and consistent with the Commission’s policy of deterring future violations while not driving DeLorme out of business. Comm’n Op. at 50 (citing, e.g., San Huan, 161 F.3d at 1364).
DeLorme argues that the Commission abused its discretion by imposing a “grossly excessive” civil penalty. Appellants’ Br. 55. It argues that the penalty was not “proportionate” under the EPROM factors analysis. Id. (citing San Huan, 161 F.3d at 1362). For example, it argues that the Commission incorrectly determined that DeLorme acted in bad faith. It also argues that in assessing the benefit of the violative sales to DeLorme, the Commis *1333 sion should have looked to the imported components’ value rather than that of the devices as a whole.
The Commission did not abuse its discretion in imposing a civil penalty of $6,242,500. The penalty — which amounted to $27,500 per day for 227 violation days— was substantially less than the statutory ceiling of $100,000 per violation per day. See 19 U.S.C. § 1337(f)(2). The Commission took into account the EPROM factors and we see no clear error in its fact findings or error in its application of the law. DeLorme has not shown, for example, that there was clear error in the Commission’s findings regarding DeLorme’s bad faith or that the violative sales greatly benefited DeLorme. We conclude that the Commission did not abuse its discretion in its penalty determination.
III.
A. Interpreting the Consent Order
After the Commission issued the dech sion on appeal in this case, the Eastern District of Virginia granted summary judgment that claims 1, 2, 5, 10-12, 34, and 35 of the '380 patent are invalid for anticipation and obviousness. DeLorme Publ’g Co. v. BriarTek IP, Inc., 60 F.Supp.3d 652 (E.D.Va.2014). We sought supplemental briefing from the parties as to how, if at-all, the Eastern District of Virginia’s decision impacted the Commission’s enforcement of the Consent Order or appeal.
DeLorme argues that because claims 1 and 2 have been invalidated,[1] the Commission’s enforcement decision and accompanying civil penalty cannot stand. It argues that because the claims are invalid, it “cannot induce ... infringement [of claims 1 and 2] now, nor be liable for having .induced their infringement in the past.” Appellants’ Supp. Br. 3.
The relevant parts of the Consent Order are as follows:
1. Upon entry of the proposed Consent Order, DeLorme shall not import into the United States, sell for importation into the United States, or sell or offer for sale within the United States after importation any two-way global satellite communication devices, system, and components thereof, that infringe claims
1, 2, 5, 10-12, and 34 of the '380 Patent after April 1, 2013, until the expiration, invalidation, and/or unenforceability of the '380 Patent.
2. DeLorme shall be precluded from seeking judicial review or otherwise challenging or contesting the validity of this Consent Order.
4. The Consent Order shall not apply with respect to any claim of any intellectual property right that has expired or been found or adjudicated invalid or unenforceable by the Commission or a court or agency of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable.
Consent Order ¶¶ 1, 2, 4.
Interpretation of the Consent Order is a question of law. The Consent Order in this case is short — two pages long — and was drafted by DeLorme. Though we acknowledge that “[cjonsent decrees and orders have attributes both of contracts and of judicial decrees,” United States v. ITT Cont’l Baking Co., 420 U.S. 223, 237 n. 10, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975), DeLorme agreed to the terms of the Consent Order. We conclude that the *1334 Consent Order unambiguously resolves the question of the impact of an invalidity decision on the enforcement of the Consent Order. The Consent Order bars certain sales and importations “until” one of three events occurs: “expiration, invalidation, and/or unenforceability of the '380 Patent.” Consent Order ¶ 1. Additionally, it explains that the Consent Order ceases to apply when the patent claim at issue has “expired or been found or adjudicated invalid or unenforceable ... provided that such finding or judgment has become final and non-reviewable.” Consent Order ¶ 4. Thus, the Consent Order identifies three events which will cause it to no longer apply. When one of these events occurs the Consent Order will no longer apply, and Detiorme will no longer be constrained by its terms. Until one of these events occurs, however, the Consent Order is binding upon DeLorme.
In this case, the Consent Order applied to DeLorme at the time it committed the acts found to violate the order. The Consent Order applied to DeLorme even at the time the enforcement decision with the civil penalty issued.[2] DeLorme argues in its supplemental briefing that the subsequent district court invalidation of the claims retroactively eliminates the Consent Order such that we can no longer affirm the civil penalty properly adjudicated by the Commission. This argument is inconsistent with the plain language of the Consent Order itself. The Order explains that it applies “until” one of the triggering events. Paragraph 1 contains no language that could be construed as requiring (or even allowing) the triggering events to apply retroactively. Indeed, DeLorme argues with respect to paragraph 1 that invalidation “would end” its obligations — an argument that is forward-looking. Appellants’ Suppl. Br. 5.
Paragraph 4 similarly provides that the Consent Order “shall not apply” with respect to any claim that “has ... been” invalidated. Consent Order ¶ 4. Particularly when read in the context of the Consent Order as a whole, this provision is forward-looking and contains no language indicating that the invalidation trigger would apply retroactively. DeLorme’s argument regarding paragraph 4 — that the Commission would “no longer” retain jurisdiction over invalidated claims — is also forward-looking. Appellants’ Suppl. Br. 5.
Indeed in application DeLorme’s argument makes no sense. DeLorme acknowledges that the expiration and unenforce-ability triggers would have the same effect as the invalidation trigger because the plain language of the Consent Order treats them identically. If invalidation of claims 1 and 2 were to apply retroactively to eliminate the Commission’s enforcement decision and accompanying penalty, then expiration of the claims would do the same. Under such a reading of the Consent Order, the Commission could determine that DeLorme violated the Consent Order and award a civil penalty in an enforcement action. Then, under DeLorme’s proposed interpretation of the Consent Order, if the patent expires while the enforcement decision is on appeal, this court would be forced to vacate the enforcement decision. Under DeLorme’s interpretation later expiration of the patent would erase an earlier violation and any civil penalty assessed for that violation. DeLorme would have no motivation to abide by the terms of the Consent Order and could violate the order, and when the patent inevitably expired, DeLorme’s violation would need to be va *1335 cated. This is an absurd reading of the Consent Order.
DeLorme argues that its position is supported by the Commission Rules adopted after the Consent Order was entered in this case, which it purports now require consent orders to include statements that they become “null and void” if any claim of the patent expires or is held invalid or unenforceable “in a final decision, no longer subject to appeal.” Appellants’ Supp. Br. 6-7 (quoting 19 C.F.R. § 210.21(c)(4) (eff. May 20, 2013)); see also Consent Order at 1 (“DeLorme ... agrees to the entry of this Consent Order and to all waivers and other provisions as required by Commission Rule of Practice and Procedure 201.21(c)_”). This argument is unpersuasive. At the time of the Consent Order, Rule 210.21(c)(4) did not exist. The Commission Rules did not require inclusion of the statements that now exist at Rule 210.21(c)(4). Thus,. the statements set forth in this Rule were not incorporated into the Consent Order. Moreover, we note that even if the statements had been incorporated, the Consent Order becomes null and void only after a decision of invalidity that is “final” and “no longer subject to appeal.” 19 C.F.R. § 210.21(c)(4)(x). The enforcement decision was entered for this case before the Eastern District of Virginia’s invalidity decision. And even now, the invalidity decision remains subject to appeal. Finally, we note that like the Consent Order, the Rule groups the invalidation trigger with expiration and un-enforceability triggers, which, as discussed above, cannot sensibly apply retroactively. We thus reject DeLorme’s argument that the new Rules mandate reversal of the Commission’s enforcement decision or the accompanying penalty.
DeLorme also argues that the Commission is not authorized to enforce a Consent Order with regard to invalid patent claims. This argument is inapplicable to this case. DeLorme’s acts, the Commission’s finding that those acts violated the Consent Order, and the Commission’s imposition of a civil penalty all occurred before the summary judgment of invalidity. If that judgment becomes non-reviewable, the Consent Order will not apply prospectively as to the invalid claims. But the Commission’s finding that DeLorme violated the Consent Order and the accompanying penalty for that violation will not be lifted. The Commission acted within the scope of its authority in enforcing the Consent Order.
In its supplemental briefing and at argument, the Commission declined to take a position on the interpretation of the Consent Order. The Commission laid out a number of possible actions this court could take, including (1) remand to the Commission for a determination of the effect of the affirmance of invalidity, or (2) “not to remand at all, but to proceed to judgment in both appeals.” Appellee’s Suppl. Br. 4. If the Consent Order were unclear as to the impact of the invalidation decision in this case, we would remand. But the Consent Order unambiguously indicates that the invalidation trigger — like the expiration and unenforceability triggers — applies only prospectively. Neither the Commission nor DeLorme argues that the Consent Order is ambiguous. There is no reason to remand this case because the Consent Order unambiguously answers the question at issue.
B. Our ePlus Decision
Finally, DeLorme argues that our recent decision in ePlus, Inc. v. Lawson Software, Inc., 789 F.3d 1349 (Fed.Cir.2015) requires that the Commission’s civil penalty in this case be reversed. In ePlus, we (1) vacated an injunction after the U.S. Patent and Trademark Office cancelled the only patent claim on which the injunction was based, id. at 1355-56, and (2) set aside *1336 the civil contempt sanction imposed for violation of the vacated injunction, id. at 1361.
DeLorme’s argument that ePlus controls this case is incorrect. ePlus held that a civil contempt sanction can be set aside when the underlying injunction, upon which the sanction is based, is still itself non-final or reviewable. As we explained in ePlus, “The rule for civil contempt for violating a provision of an injunction that is not final, i.e., that is still subject to litigation over the propriety of its issuance, is that ‘[t]he right to remedial relief falls with an injunction which events prove was erroneously issued.’ ” 789 F.3d at 1356 (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 295, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). In ePlus, we determined that the injunction was not final (it was still subject to appellate review) at the time we were reviewing the civil contempt sanction and thus when the patent claims were cancelled, both the injunction and civil contempt sanction had to be vacated. Id. at 1361. In this case, in contrast, there is no question that the underlying Consent Order was final and not appealable. The Consent Order itself states that “DeLorme shall be precluded from seeking judicial review or otherwise challenging or contesting [its] validity.” Consent Order ¶ 2. Neither party has argued that the Consent Order in this case, like the injunction in ePlus, was not final or appealable. Therefore, we reject De-Lorme’s argument that ePlus permits us to reject the civil penalty assessed in this case. If the underlying order upon which a civil penalty or civil contempt sanction is based is final and no longer subject to appeal, the penalty or sanction cannot be vacated by subsequent events such as invalidation of the claims. Of course, if subsequent events warrant vacating the injunction, such as invalidation of the patent claims, then the injunction is vacated prospectively. ePlus, 789 F.3d at 1356. But such prospective relief (vacating the injunction) is not a basis for setting aside civil contempt sanctions. Likewise, the Consent Order by its terms will no longer apply prospectively once the invalidation is final and non-reviewable. Given that the Consent Order itself is already final and unappealable, this case is not governed by ePlus[3] The Consent Order was final and no longer subject to review at the time of the violation, thus we cannot set aside the penalty for that violation. This distinction is critical.[4] Finally, ePlus is inapplicable here because ePlus involved the Patent Office’s cancellation of claims, which voids claims “ab initio.” See, e.g., Fresenius USA Inc. v. Baxter Int’l, Inc., 721 F.3d 1330, 1346 (Fed.Cir.2013).
Conclusion
Because the Commission did not err in finding that DeLorme violated the Consent Order or abuse its discretion in imposing a civil penalty of $6,242,500, we affirm.
AFFIRMED.

. BriarTek appealed the Eastern District of Virginia’s invalidity determination and we affirm in a concurrently issued decision. De-Lorme Publ'g Co. v. BriarTek IP, Inc., Appeal Nos. 15-1169, -1241.

. Because our concurrently issued affirmance of the district court's summary judgment of invalidity is still reviewable, the Consent Order continues to be binding upon DeLorme even now.

. To the extent ePlus left open the question of whether civil contempt sanctions survive if the underlying injunction was final at the time the sanctions were imposed, 789 F.3d at 1358, that question is hereby resolved.

. We note that the § 1337(f)(2) "civil penalty” is punitive and paid to the government and thus more like a criminal contempt sanction which cannot be set aside. We leave this issue to a future case where its resolution is briefed and necessary to the outcome.