NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DBN HOLDING, INC., BDN LLC,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

---

2017-2128

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-854.

---

Decided: November 27, 2018

---

PETER J. BRANN, Brann & Isaacson, Lewiston, ME, argued for appellants. Also represented by STACY O. STITHAM, DAVID SWETNAM-BURLAND.

CLINT A. GERDINE, Office of the General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by DOMINIC L. BIANCHI, WAYNE W. HERRINGTON.

---

Before PROST, *Chief Judge,* MOORE and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

DBN Holding, Inc. and BDN LLC appeal from a decision of the U.S. International Trade Commission, which denied their petition to rescind or modify a civil penalty order. The Commission denied the petition on the basis of "res judicata" in light of our decision in *DeLorme Publishing Co. v. Int'l Trade Comm'n*, 805 F.3d 1328 (Fed. Cir. 2015). We conclude that the Commission erred by relying on res judicata because neither the Commission nor this court has considered whether to rescind or modify the civil penalty in light of the invalidity of the relevant patent claims. We reverse and remand.

## BACKGROUND

### 1. The Past Appeals

In September 2012, the U.S. International Trade Commission ("Commission") instituted a Section 337 investigation (Inv. No. 337-TA-854) to determine whether imports by DeLorme Publishing Company, Inc. and DeLorme InReach LLC (collectively, "DeLorme")[1] of certain satellite communication devices infringed U.S. Patent No. 7,991,380 ("the '380 patent"). DeLorme executed a Consent Order Stipulation, proposing to terminate the investigation. J.A. 123–25. In April 2013, the Commission terminated the investigation.

In May 2013, the Commission instituted an enforcement proceeding based on allegations that DeLorme had violated the Consent Order. The Commission ultimately

---

[1] Appellant DBN Holding, Inc. was formerly known as DeLorme Publishing Company, Inc. Appellant BDN LLC was formerly known as DeLorme InReach LLC.

determined that DeLorme had violated the Consent Order and assessed a civil penalty of $6.2 million.

Shortly after institution of the May enforcement proceeding, DeLorme filed a declaratory judgment action in the Eastern District of Virginia, seeking judgment of noninfringement and invalidity of certain claims of the '380 patent. The claims challenged were the same claims asserted in the Section 337 investigation. The district court subsequently granted summary judgment of invalidity in favor of DeLorme, finding that the claims asserted in the enforcement proceeding and subject to the Consent Order were invalid. The district court's invalidity judgment was issued after the Commission had assessed the civil penalty in the enforcement proceeding.

The respective losing parties appealed the decisions of both the Commission and the district court. This court received the appeals for consideration as companion cases. Prior to oral arguments, we asked for supplemental briefing on "[w]hat effect, if any, would an affirmance of the district court's summary judgment of invalidity in [the district court case] have on the [Commission's] enforcement of the Consent Order at issue in this appeal?" J.A. 469. The Commission argued that if we affirmed the invalidity judgment, further proceedings before it would be necessary because the effect of the invalidity of the patent had not been considered by the Commission. *DeLorme Publ'g Co. v. Int'l Trade Comm'n*, No. 2014-1572, Dkt. No. 64 at 3–4 ("ITC Suppl. Br."). The Commission pointed to 19 C.F.R. § 210.76, which "has been used by the Commission to vacate civil penalties which have been assessed for violation of a consent order," as the procedural mechanism for the further proceedings it argued were necessary. *Id.*; *see also* J.A. 471–72; *Certain Neodymium–Iron–Boron Magnets, Magnet Alloys, and Articles Containing Same*, Inv. No. 337-TA-372, 64 Fed. Reg. 56,515–16 (Oct. 20, 1999) ("*Magnets*") (relying on Section 337 and 19 C.F.R. § 210.76 as authority for

vacating a civil penalty order). According to the Commission, to seek modification "DeLorme [could] file a petition under [19 C.F.R. §] 210.76 based on affirmance of the invalidity judgment." ITC Suppl. Br. at 4.

On November 12, 2015, this court issued its decisions in both appeals. First, we summarily affirmed the district court's summary judgment of invalidity. *DeLorme Publ'g Co. v. BriarTek*, 622 Fed. App'x. 912, 913 (Fed. Cir. 2015). Second, we affirmed the Commission's determination that DeLorme had violated the Consent Order and its assessment of the civil penalty. *See DeLorme Publ'g Co. v. Int'l Trade Comm'n*, 805 F.3d 1328 (Fed. Cir. 2015) ("*DeLorme I*"). Specifically, we held that the Commission acted within the scope of its authority when it imposed the civil penalty upon finding that DeLorme had violated the Consent Order. *Id.* at 1335.

## 2. This Appeal

On December 22, 2015, DeLorme filed a petition before the Commission to rescind or modify the civil penalty order pursuant to 19 C.F.R. § 210.76 in light of the judgment of invalidity of the asserted claims of the '380 patent. J.A. 467–78. DeLorme argued that the civil penalty should be set aside or modified based on "changed conditions in fact or law or in the public interest." *Id.*; *see also* 19 C.F.R. § 210.76(a)(l). On April 4, 2017, the Commission denied DeLorme's petition, stating that

> [t]he "changed conditions" identified by DeLorme in its petition are: (1) the EDVA invalidity judgment; and (2) the affirmance of that judgment. As noted above, the Federal Circuit found that it, rather than the Commission, should address the issue of whether the affirmance of the EDVA invalidity judgment affected the Commission's enforcement determination and decided that issue adversely to DeLorme, affirming the Commission's enforcement determination. The full Court

denied DeLorme's petition for hearing en banc and the Supreme Court denied certiorari. The public interest arguments raised by DeLorme involve issues that could have been raised in the appeal or were raised and rejected by the Federal Circuit. The matter is therefore res judicata.

J.A. 7–8. DeLorme appeals the Commission's decision to deny its petition to rescind or modify the civil penalty.

## DISCUSSION

DeLorme argues that the Commission misread our *DeLorme I* opinion and erred when it refused, on the basis of res judicata, to consider whether the civil penalty should be rescinded or modified. We agree.

In an appeal of a denial of a petition to rescind or modify a civil penalty order of the Commission pursuant to 19 C.F.R. § 210.76, we review the Commission's decision for abuse of discretion. *See* 5 U.S.C. § 706(2)(A). "An abuse of discretion occurs where the decision is based on an erroneous interpretation of the law, on factual findings that are not supported by substantial evidence, or represents an unreasonable judgment in weighing relevant factors." *Star Fruits S.N.C. v. United States*, 393 F.3d 1277, 1281 (Fed. Cir. 2005). Whether, based on the facts of this case, a claim is barred by the doctrine of res judicata is a legal determination reviewed de novo. *Faust v. United States*, 101 F.3d 675, 677 (Fed. Cir. 1996).

We first examine the Commission's decision not to consider DeLorme's petition on the ground that "the matter is . . . res judicata." J.A. 8. The term res judicata is used narrowly to "denote 'claim preclusion' and more generally to denote either 'claim preclusion' or 'issue preclusion.'" *Faust*, 101 F.3d at 677. It is unclear whether the Commission was referring to issue preclusion or claim preclusion. Under claim preclusion, a final judgment on the merits of an action precludes relitigation of

issues that were or could have been raised by the parties or their privies in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* For either issue or claim preclusion to apply, a second, separate case must exist. *See id.* Here, where we have a continuation of the *same* proceeding, Investigation Number 337-TA-854, neither issue nor claim preclusion apply.

The Commission might have more appropriately referred to the basis of its denial of the petition as barred by the "law of the case" doctrine, rather than generally invoking "res judicata." The law of the case doctrine refers to courts' general practice of refusing to reconsider issues already decided. *Messinger v. Anderson*, 225 U.S. 436, 444 (1912); *see also* 18 Wright & Miller, Fed. Prac. & Proc. Juris. §§ 4401–4402 (3d ed. 1998) ("[R]econsideration of matters already resolved ordinarily is referred to [as] law-of-the-case theory" or "direct estoppel."). "The law of the case doctrine is limited to issues that were actually decided, either explicitly or by necessary implication" earlier in the litigation. *Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326, 1335 (Fed. Cir. 2004). For the law of the case to apply, this court would have had to have decided the issues raised in this appeal, explicitly or by necessary implication. As explained below, neither the Commission nor this court has decided whether the Commission should rescind or modify the civil penalty in light of the district court's grant of summary judgment of invalidity.

This court recognized in *DeLorme I* that 19 U.S.C. § 1337(f)(2) authorizes the Commission to impose a penalty for violation of its orders, including consent orders, subject to review by this court. *San Huan New Materials High Tech, Inc. v. Int'l Trade Comm'n*, 161 F.3d 1347,

1352, 1355–56 (Fed. Cir. 1998). The procedure for requesting that the Commission modify or set aside such orders is found at 19 C.F.R. § 210.76, entitled "Modification or rescission of exclusion orders, cease and desist orders, consent orders, and seizure and forfeiture orders":

> Whenever any person believes that changed conditions of fact or law, or the public interest, require that an exclusion order, cease and desist order, or consent order be modified or set aside, in whole or in part, such person may request, pursuant to section 337(k)(1) of the Tariff Act of 1930, that the Commission make a determination that the conditions which led to the issuance of an exclusion order, cease and desist order, or consent order no longer exist.

19 C.F.R. § 210.76(a)(1); *see also id.* § 210.76(a)(2).

We have affirmed the Commission's authority to rescind or modify its orders under § 210.76. *E.g., SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1324 n.2 (Fed. Cir. 2010) (noting that appellants may petition for modification or rescission of certain orders under § 210.76 if "no longer in violation of [section 337]") (alteration in original); *Epistar Corp. v. Int'l Trade Comm'n*, 566 F.3d 1321, 1338 (Fed. Cir. 2009). The Commission has relied on § 210.76 to vacate a civil penalty order after the parties entered into a license agreement, even when this court had affirmed the imposition of the same civil penalty. *Magnets*, 64 Fed. Reg. at 56,515; *San Huan*, 161 F.3d at 1355–56.

Nothing in *DeLorme I* bars the Commission from modifying or rescinding the civil penalty order in this case under 19 C.F.R. § 210.76. The Commission's civil penalty

order was properly based on the six "*EPROM* factors"[2] and on the basis that the '380 patent's claims were valid. *DeLorme I*, 805 F.3d at 1332–33. To be clear, we rejected DeLorme's argument that the Commission's penalty was "grossly excessive," but we did not divest the Commission of the authority to later rescind or modify its civil penalty order in light of the invalidity judgment, nor did we hold that the invalidity judgment should have no impact on any such future assessment.

The Commission apparently misunderstood this court when we said that "the penalty or sanction cannot be vacated by subsequent events such as invalidation of the claims." *Id.* at 1336 (discussing *ePlus, Inc. v. Lawson Software, Inc.*, 789 F.3d 1349 (Fed. Cir. 2015)). This statement relates to the principle that, where the order upon which a civil penalty is based is final and no longer subject to appeal, rescission of that civil penalty is not necessarily required upon invalidation of the claims without consideration of other factors. *See id.*

In *ePlus*, we held that a compensatory civil award for violating a non-final injunction "*must* be set aside in light of the cancellation of [the] claim" on which the injunction was based. *ePlus*, 789 F.3d at 1361 (emphasis added). We did not decide "whether civil contempt sanctions would survive if the injunction had been final at the time the district court imposed civil contempt sanctions." *Id.*

---

[2]    We have affirmed the Commission's use of six factors in determining the amount of a civil penalty. *See San Huan*, 161 F.3d at 1362. The six "*EPROM* factors" are (1) the good or bad faith of the respondent, (2) the injury to the public, (3) the respondent's ability to pay, (4) the extent to which the respondent has benefited from its violations, (5) the need to vindicate the authority of the Commission, and (6) the public interest. *DeLorme I*, 805 F.3d at 1333.

at 1358. We also observed that "[i]t is well established that '[v]iolations of an order are punishable as criminal contempt even though the order is set aside on appeal . . . or though the basic action has become moot.'" *Id.* (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 294 & n.60 (1947)). We noted that, in contrast to a civil award, if the defendant had been found guilty of criminal contempt, the resulting penalties "would not be set aside *simply* because" the claim forming the basis of an injunction had been cancelled. *ePlus,* 789 F.3d at 1356 (emphasis added).

In *DeLorme I*, we observed that the punitive nature of the civil penalty, which is paid to the government, makes it more akin to a criminal sanction than the civil contempt sanctions in *ePlus*. 805 F.3d at 1336 & n.4. Here, the civil penalty is based on a final, non-reviewable Consent Order drafted by DeLorme that has "attributes of both contracts and of judicial decrees" and is distinct from the non-final, reviewable injunction in *ePlus. Id.* at 1333. There is no requirement that the civil penalty in this case be rescinded simply because the '380 patent's claims were invalidated. Our holding in *DeLorme I* that the invalidation of the '380 patent's claims had no retroactive effect on the Consent Order does not bar the Commission from determining whether to modify or rescind the civil penalty under 19 C.F.R. §§ 210.76(a)(1) or (a)(2).[3] The court in *DeLorme I* did not decide whether the Commission should rescind or modify the civil penalty in light of the final invalidity judgment, a question that could not have been raised or decided earlier in the case. *See Beloit Corp. v. Valmet Oy*, 742 F.2d 1421, 1423 (Fed. Cir. 1984) ("[T]his court does not sit to review what the Commission has not

---

[3] As discussed above, the Commission has relied on § 210.76 to vacate a civil penalty.

decided"). The Commission's application of res judicata was therefore error.

## CONCLUSION

We hold that the Commission is not barred from reassessing the *EPROM* factors and determining whether to modify or rescind the civil penalty pursuant to 19 C.F.R. § 210.76 based on the final judgment of invalidity. The Commission erred in finding DeLorme's arguments were barred by res judicata. We therefore reverse the Commission's res judicata determination and remand for the Commission to consider whether to rescind or modify the civil penalty in light of the final judgment of invalidity of the relevant claims of the '380 patent.

## REVERSED AND REMANDED

### COSTS

No costs.